for its forbearance over time. I think Mr. Hernandez Or answer the fortuity and the good fortune of being able to discharge him just after he reported sexual harassment. Well, I think Congratulate him for that. That's one possibility also. What's really important is a lot of those instances of discipline that you're referring to, Judge Fletcher, are attendance-related and wasting time-related. But I think the most significant predecessor discipline is the fact he got a disciplinary suspension for a hands-on set of errors that are not unlike the very ones that led to his termination. Yes, but there's a lot of discipline stuff, and that includes having to do with the movement, the repair, the record-keeping, and whether they send it back with the brackets and all those things, and lots of other things. But it's quite striking. In other words, it's very bad, at least as described here, a very bad disciplinary record. And it's very difficult to get a criminal record. It's a very difficult discipline to get a criminal record. And so I think that's one possibility. The other possibility is that he only gets fired within a very short time after he reported this. So this evidence steps both ways, it seems to me. And if it were a coincidence of timing and we did not have the uncontested evidence that neither Perry nor Reeves had any knowledge of the protected activity. We have statements from both of them, but they're clearly contested from the other side. I disagree. No, it's contested. You may think that the evidence isn't very strong, but it's contested. I think they're... They say what they say, and we don't have any direct evidence about the conversation because they are the two people privy to whatever conversation it is. But it's contested whether or not he knew. Well, they say it's contested. I disagree that it is. All you have to do to contest it is to say that it's not true. Then you put in some evidence, and the evidence may or may not be strong enough. I'm in agreement with you. I think they would like to argue about that, but I don't think they've succeeded in that. They're urging that circumstantial evidence is sufficient to go to a jury on that. That's what I understand their argument to be. But I think the timing, that the timing of the termination plus the statement by the supervisor or by pray to the guy don't talk to Sam and, you know, plus whatever else they have, some of the things being fairly remote that they bring in, but they're arguing, given the whole picture, circumstantial evidence creates a genuine issue of fact on that. If it were circumstantial evidence that proved anything, then I wouldn't disagree with that. But I think they have crossed the line from reasonable inference into total speculation. Okay. Let me turn to the promotion claims and deal with a couple of the points that counsel made. All the claims are time-barred. It's not most of them. It's all of them. Every one was more than three years before he filed his complaint. Why is it? The issue obviously is going to be the Kavanaugh complaint. Why is that? Because there is no admissible evidence that the personnel record, which shows a date of approval on the 20th of August and an effective date of the 22nd of August, isn't accurate. Page 1576 of the excerpts of record, there's a rhetorical flourish that it was sometime in 98, but there's no admissible evidence that was at any time other than when the record, in fact, shows it did occur. The argument I heard, and I have to say I'm not yet sure of my ground on this one, the argument I heard is that the time to pay attention to is the time Mr. Hernandez learned of it rather than when it happened. I think that's the argument I heard. Are you saying that when it happened is the critical time, irrespective of the fact that he might not have learned about it a week or two later? I have two arguments. The first is I agree with that. You agree with what? That the time runs when the decision is made. I mean, he took the job. He was sitting at the desk or standing at the machine performing the job, and that was on the 22nd of August. That's when the time starts to run, and more than three years thereafter went by before the complaint was filed. And so I don't think the knowledge on the individual's part matters. But even if it did matter, there's not any admissible evidence here that the date that Mr. Hernandez acquired actual knowledge was anything different from the day that appears on the form and the individual started performing the work. Of course, you keep saying admissible. What's the inadmissible evidence? A sentence in their brief that says it was sometime in 98, later in 98. I see. So there's no evidence they've sought to admit that you're saying is not admissible. I agree. Let me just deal with a couple points counsel made. First, as far as the Silcot Declaration is concerned, as Judge Gould pointed out, that's years and years in the past. But it has nothing at all to do, first of all, with the retaliation claim. There's not a word about retaliation in there. But, second, it doesn't have anything to do with the promotion claim because she was long, long gone before any decision, even the Kavanaugh decision, which was the most recent one. Let me ask a question. Does the record, as I understand, she was not deposed. There's just an affidavit from her. Is it Silcot? Yes. Yes. Okay. Okay, thanks. Unless the Court has further questions, I don't have anything further. Thank you, Chief. So do you have any evidence, admissible or otherwise, as to the date of discovery of the promotion of Kavanaugh? Mr. Hernandez testified it was in late 1998. And where is that? I was afraid you were going to ask that. I'm sorry. I don't have a citation to the record. I believe it was in his declaration. He was both deposed and submitted a declaration. And in his declaration, I just wanted to address the one question regarding the evidence that Mr. Prey did know that it was plaintiff who had complained about him. And that is in Mr. Hernandez's declaration where he states that Mr. Prey saw him speaking with the victim and directed him to go elsewhere. And Prey's attitude toward plaintiff became more hostile after he saw him talking with the victim, would look at him hatefully whenever he saw plaintiff. And how does that show? I'm not seeing the connection, so help me with your theory. I see that accepting what Mr. Hernandez said there for purpose of the summary judgment, accepting it as true, that he's got a situation where he's encountering in the workplace this woman and Mr. Prey's supervisor gives him kind of a harsh direction, get away from her, stop talking to her. How does that, I mean, that could mean hundreds of different things. Why does it mean that that means Prey knows Hernandez complained about him? I'm not seeing that as a reasonable inference from that conversation. There's just not enough data about that statement for me. Well, the declaration. Is there a time for this conversation? In April 2000, which is a month before the termination. Okay. So the hostility was not based on the fact that Prey knew about the report because the report hadn't been made then. That's correct. But I think, again, the inference and the inference being taken in favor of the plaintiff in this case is that Mr. Prey was unhappy. He saw him unhappy. That plaintiff was talking to the victim who also was crying and appeared to be afraid of Mr. Prey. Was this before or after Hernandez had made the complaint? This is before. This is in April 2000. So he can't be expressing anger over the complaint. That's correct. I would agree with that. But what we're arguing is that from that, the Court can infer that Mr. Prey was suspicious and angry, did not want them talking about the sexual harassment. And then based upon that, the fact that Mr. Prey had observed them talking presumably about the sexual harassment and was unhappy about it. I don't see how you can say that's a reasonable inference. It's totally speculative. He could also be unhappy because he doesn't want them talking during work hours or because he has designs on this woman and he thinks Hernandez is a rival. Or for, you know, a thousand different reasons, he just doesn't want them together talking at the time and place they're doing it. I don't see any connection. I'm not seeing, even given all inferences, how I can draw an inference that that is somehow tied into the sexual harassment complaint. Is there testimony that Hernandez told his co-workers that he had been the one to make the report? Yes. Yes. That it was not in any way kept confidential. He told Mr. Flores, but he also told numerous co-workers that he was the one that had reported Mr. Prey to human resources. Therefore, it's obvious that Ms. Lasher is not the only possible source of the information if there was a direct accounting to Mr. Prey. Exactly. Exactly. And, in fact, that's the testimony of the co-workers that say we think, based upon the discussion in the workplace, that Mr. Prey was well aware that it was plaintiff who had reported him. Unless there are further questions. Thank you, counsel. Thank you both very much. Thank you. Case just argued will be submitted to court and will stand in recess for the day. All rise. This court for this session stands adjourned. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.
judges: Reinhardt, W. Fletcher, Gould